UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DEANNA MINYARD, | CASE NO. 5:17CV2261 |
| Plaintiff, | |
| v. | MAGISTRATE JUDGE GEORGE J. LIMBERT |
| NANCY A. BERRYHILL[1], ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM OPINION AND ORDER |
| Defendant. | |

Plaintiff Deanna Minyard ("Plaintiff") requests judicial review of the decision of the Commissioner of Social Security Administration ("Defendant") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). ECF Dkt. #1. In her brief on the merits, filed on April 9, 2018, Plaintiff asserts that the administrative law judge ("ALJ"): (1) violated the treating physician rule; and (2) erred by assigning greater weight to the opinions of non-examining physicians than her treating physician. ECF Dkt. #16. Defendant filed a response brief on May 9, 2018. ECF Dkt. #17. Plaintiff did not file a reply brief.

For the following reasons, the Court AFFIRMS the decision of the ALJ and dismisses the instant case in its entirety with prejudice.

## I.  FACTUAL AND PROCEDURAL HISTORY

---

[1]On January 23, 2017, Nancy A. Berryhill became the acting Commissioner of Social Security, replacing Carolyn W. Colvin.

Plaintiff filed applications for DIB and SSI alleging a disability onset date of January 4, 2010.² ECF Dkt. #10 ("Tr.") at 1833, 1839, 1867.³ The applications were denied initially and upon reconsideration. *Id.* at 1743, 1750, 1761, 1768. Plaintiff then requested a hearing before an ALJ, which was held on April 28, 2016. *Id.* at 1458. On May 27, 2016, the ALJ issued a decision finding that Plaintiff was not disabled. *Id.* at 1415. Subsequently, the Appeals Council denied Plaintiff's request for review. *Id.* at 1243. Accordingly, the decision issued by the ALJ on May 27, 2016, stands as the final decision.

The instant suit was filed by Plaintiff on October 26, 2017. ECF Dkt. #1. Plaintiff filed a brief on the merits on April 9, 2018. ECF Dkt. #16. Defendant filed a response brief on May 9, 2018. ECF Dkt. #17. Plaintiff did not file a reply brief.

## II.     **RELEVANT PORTIONS OF THE ALJ'S DECISION**

On May 27, 2016, the ALJ issued a decision finding that Plaintiff was not disabled. Tr. at 1415. The ALJ stated that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2014, and that she had not engaged in substantial gainful activity since January 4, 2010, the alleged onset date. *Id.* at 1420. Continuing, the ALJ found that Plaintiff had the following severe impairments: history of aneurysm with stent; depression; migraines; status post ankle fracture; and lumbar and cervical degenerative disc disease. *Id.* The ALJ then indicated that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 1421.

---

²Plaintiff's applications for DIB and SSI contain different alleged onset dates. On remand from this Court, the Appeals Council consolidated Plaintiff's claims and amended the alleged onset date to January 4, 2010. *See* ECF Dkt. #16 at 1-2; ECF Dkt. #17 at 2.

³All citations to the Transcript refer to the page numbers assigned when the Transcript was filed in the CM/ECF system rather than the page numbers assigned when the Transcript was compiled. This allows the Court and the parties to easily reference the Transcript as the page numbers of the .PDF file containing the Transcript correspond to the page numbers assigned when the Transcript was filed in the CM/ECF system.

After consideration of the record, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with the following additional limitations: never climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs; occasionally stoop and crouch; never kneel or crawl; occasionally reach overhead bilaterally; cannot operate foot controls bilaterally; must avoid workplace hazards such as unprotected heights or dangerous moving machinery; cannot perform commercial driving; limited to simple, routine tasks that did not involve arbitration, negotiation, confrontation, directing the work of others, or being responsible for the safety or welfare of others; cannot perform piece-rate work or assembly line work; and limited to occasional interaction with others. Tr. at 1423.

The ALJ then stated that Plaintiff was unable to perform past relevant work. Tr. at 1435. Continuing, the ALJ indicated that Plaintiff was a younger individual on the alleged onset date but that she subsequently changed age category to closely approaching old age. *Id.* The ALJ stated that Plaintiff had a limited education and was able to communicate in English. *Id.* Next, the ALJ explained that the transferability of job skills was not material to the disability determination because the Medical-Vocational Rules supported finding that Plaintiff was not disabled. *Id.* Considering Plaintiff's, age, education, work experience, and RFC, the ALJ determined that jobs existed in significant numbers in the national economy that Plaintiff could perform. *Id.* For these reasons, the ALJ found that Plaintiff had not been under a disability, as defined in the Social Security Act, from January 4, 2010, through the date of the decision. *Id.* at 1436.

### III.    STEPS TO EVALUATE ENTITLEMENT TO SOCIAL SECURITY BENEFITS

An ALJ must proceed through the required sequential steps for evaluating entitlement to social security benefits. These steps are:

1.  An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b) and 416.920(b) (1992));

2.  An individual who does not have a "severe impairment" will not be found to be "disabled" (20 C.F.R. §§ 404.1520(c) and 416.920(c) (1992));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement, see 20 C.F.R. § 404.1509 and 416.909 (1992), and which meets or is equivalent to a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, a finding of disabled will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d) and 416.920(d) (1992));

4. If an individual is capable of performing the kind of work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e) and 416.920(e) (1992));

5. If an individual's impairment is so severe as to preclude the performance of the kind of work he or she has done in the past, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f) and 416.920(f) (1992)).

*Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1992). The claimant has the burden to go forward with the evidence in the first four steps and the Commissioner has the burden in the fifth step. *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

## IV. STANDARD OF REVIEW

Under the Social Security Act, the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability. This Court's review of such a determination is limited in scope by § 205 of the Act, which states that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. §405(g). Therefore, this Court's scope of review is limited to determining whether substantial evidence supports the findings of the Commissioner and whether the Commissioner applied the correct legal standards. *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990).

The substantial-evidence standard requires the Court to affirm the Commissioner's findings if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cole v. Astrue*, 661 F.3d 931, 937, citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation omitted). Substantial evidence is defined as "more than a scintilla of evidence but less than a preponderance." *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234 (6th Cir. 2007). Accordingly, when substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if a preponderance of the evidence exists in the record upon which the ALJ could have found plaintiff disabled. The substantial evidence

standard creates a "'zone of choice' within which [an ALJ] can act without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir.2001). However, an ALJ's failure to follow agency rules and regulations "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Cole, supra*, citing *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir.2009) (internal citations omitted).

## V. LAW AND ANALYSIS

### A. Treating Physician Rule

Plaintiff asserts that the ALJ violated the treating physician rule by failing to provide "good reasons" for assigning less than controlling weight to the opinions of her treating physician, Steven Coss, M.D. ECF Dkt. #16 at 21. An ALJ must give controlling weight to the opinion of a treating source if the ALJ finds that the opinion is well-supported by medically acceptable clinical and diagnostic techniques and not inconsistent with the other substantial evidence in the record. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). If an ALJ decides to discount or reject a treating physician's opinion, he or she must provide "good reasons" for doing so. Social Security Rule 96-2p. The ALJ must provide reasons that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id.* This allows a claimant to understand how her case is determined, especially when she knows that her treating physician has deemed her disabled and she may therefore "be bewildered when told by an administrative bureaucracy that [s]he is not, unless some reason for the agency's decision is supplied." *Wilson,* 378 F.3d at 544 (quoting *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999)). Further, it "ensures that the ALJ applies the treating physician rule and permits meaningful appellate review of the ALJ's application of the rule." *Id.* If an ALJ fails to explain why he or she rejected or discounted the opinions and how those reasons affected the weight afforded to the opinions, this Court must find that substantial evidence is lacking, "even where the conclusion of the ALJ may be justified based upon the record." *Rogers,* 486 F.3d at 243 (citing *Wilson*, 378 F.3d at 544).

The Sixth Circuit has noted that, "while it is true that a lack of compatibility with other record evidence is germane to the weight of a treating physician's opinion, an ALJ cannot simply invoke the criteria set forth in the regulations if doing so would not be 'sufficiently specific' to meet the goals of the 'good reason' rule." *Friend v. Comm'r of Soc. Sec.*, 375 Fed.Appx. 543, 551 (6th Cir. 2010). The Sixth Circuit has held that an ALJ's failure to identify the reasons for discounting opinions, "and for explaining precisely how those reasons affected the weight" given "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Parks v. Social Sec. Admin.*, 413 Fed.Appx. 856, 864 (6th Cir. 2011) (quoting *Rogers*, 486 F.3d at 243 ). However, an ALJ need not discuss every piece of evidence in the administrative record so long as he or she considers all of a claimant's medically determinable impairments and the opinion is supported by substantial evidence. *See* 20 C.F.R. § 404.1545(a)(2); *see also Thacker v. Comm'r of Soc. Sec.*, 99 Fed.Appx. 661, 665 (6th Cir. 2004). Substantial evidence can be "less than a preponderance," but must be adequate for a reasonable mind to accept the ALJ's conclusion. *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010) (citation omitted).

Plaintiff first addresses the ALJ's treatment of the opinion of Dr. Coss, her treating orthopedic surgeon, issued in September 2010. ECF Dkt. #16 at 22. According to Plaintiff, the ALJ mischaracterized this opinion as "very remote" despite the fact that the time period at question is January 2010 through May 2016. *Id.* Plaintiff also avers that the ALJ improperly considered that she visited Dr. Coss less frequently over time and that the frequency of her visits decreased because there was nothing further for Dr. Coss to do unless surgery was again required. *Id.* at 22-23. Continuing, Plaintiff asserts that the ALJ improperly implied that her ankle must have improved since she did not require additional surgery. *Id.* at 23. Plaintiff also states that the ALJ minimized her lower back problems and ignored an MRI taken in October 2012 showing disc protrusions. *Id.* Further, Plaintiff avers that although the EMG of her lower extremities was normal, she had been found to have a positive Tinel's sign in the left ankle up to the knee and had reported 4-5/5 strength in her lower extremities. *Id.* at 24.

Regarding the ALJ's assignment of less then controlling weight to the opinion of Dr. Coss issued in November 2012, Plaintiff states that the reasons given by the ALJ were largely the same as the reasons for discounting the opinion issued in September 2010. ECF Dkt. #16 at 24. Plaintiff again takes issue with the ALJ's conclusion that her less frequent visits to Dr. Coss suggested that her ankle problems were under control. *Id.* Rather, according to Plaintiff, Dr. Coss had stated as early as 2010 that her ankle condition was permanent and unlikely to improve. *Id.* Plaintiff also asserts that the fact that she has required an ankle brace for years supports Dr. Coss' opinion that she would have difficulty standing and walking. *Id.* at 24-25.

Defendant contends that substantial evidence supports the ALJ's review of the medical opinions and RFC finding.[4] ECF Dkt. #17 at 9. First, Defendant states that an ALJ may determine which portions of a medical opinion should be assigned greater weight than others. *Id.* at 10 (citing *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009)). Defendant then states that the ALJ explained why only "some weight" was assigned to the opinion issued in September 2010 and why less than controlling weight was assigned to the opinion issued in November 2012. *Id.* at 10-13. Continuing, Defendant notes that the opinion of a treating physician is not binding on the ALJ and the opinions of state agency medical consultants may be assigned significant weight if they are consistent with the other evidence of record. *Id.* at 13 (citing 20 C.F.R. §§ 404.1527(c)(3)-(4), 416.927 (c)(3)-(4), 416.927(e)(2)(ii); Social Security Ruling 96-6p).

Next, Defendant avers that the ALJ was not required to assign less weight to the opinions of the state agency medical consultants because the opinions pre-dated the opinions issued by Dr. Coss. ECF Dkt. #17 at 13. Defendant also asserts that the more recent examination findings showed that Plaintiff's condition had improved with proper treatment. *Id.* In support of this assertion, Defendant cites medical evidence from 2015 showing that Plaintiff: was doing well on medications; had nearly full strength and intact sensation in the lower extremities; showed an adequate range of motion in the cervical and lumbar spine; had no sensory or motor deficits in

---

[4]Defendant responds to both issues presented by Plaintiff in the same section of the response brief. *See* ECF Dkt. #17 at 9.

her legs; underwent x-rays that showed minimal degenerative changes in the lumbar spine; underwent a lumbar epidural steroid injection that was effective; reported a seventy-percent reduction in her pain level; and had a normal range of motion in the lumbar spine with no tenderness and a normal motor examination. *Id.* at 13-14 (internal citations omitted). Defendant then notes that the responsibility for deciding a claimant's RFC is reserved for the ALJ. *Id.* at 14.

The ALJ provided "good reasons" for assigning less than controlling weight to the opinions of Dr. Coss. After a thorough review of the medical evidence presented in this case, the ALJ addressed the opinion of Dr. Coss submitted in September 2010. Tr. at 1423-30. The ALJ stated that "some weight" was assigned to this opinion because: x-rays and MRIs of Plaintiff's lumbar spine revealed some degenerative changes, but nothing that required surgery; Plaintiff's EMG was negative for abnormalities in the legs; shoulder x-rays were negative; the opinion was "very remote" and Plaintiff had not visited Dr. Coss since 2014; and Plaintiff's pain management doctor had recently indicated normal gait and station with 4-5/5 strength in the arms and legs. *Id.* at 1430.

While the ALJ's characterization of the opinion issued in September 2010 as "very remote" is not entirely accurate as September 2010 is within the relevant time period, it appears that the ALJ was merely indicating that there was evidence created more recently than this opinion that may provide a more accurate depiction of Plaintiff's limitations. *See* Tr. at 1430. Additionally, the undersigned understands Plaintiff's contention that the decreased frequency of her visits to Dr. Coss is not necessarily indicative of improvement, however, the ALJ provided additional reasons for discounting the opinion. The ALJ explained that the opinion was inconsistent with the medical evidence, namely, x-rays, MRIs, an EMG, and more recent treatment notes. *See id.* As for Plaintiff's assertion that the ALJ ignored an MRI taken in October 2012, the ALJ expressly discussed this MRI when addressing the medical evidence. *Id.* at 1427.

Regarding the opinion issued by Dr. Coss in November 2012, the ALJ adequately explained why less than controlling weight was assigned to the opinion. First, the ALJ noted

that Dr. Coss' opinion that Plaintiff was "permanently disabled" was not binding as it was an administrative finding. Tr. at 1430. The ALJ then stated that Dr. Coss' conclusion that Plaintiff could not stand or walk for extended periods was not consistent with the evidence. *Id.* Specifically, the ALJ stated that the evidence showed that Plaintiff: stated that her ankle-related symptoms improved in March 2011; showed only a mildly limited range of motion and mild sensitivity; reported some numbness in her ankle and knee, but the resulting EMG was negative; sought less frequent treatment for her ankle and was not told to undergo further treatment; underwent x-rays of her hip that showed nothing warranting an operation or injection; underwent lumbar spine testing that showed only minimal degenerative changes; and had repeatedly showed normal gait and station, along with 4-5/5 strength, when visiting her pain management doctor. *Id.*

Although Plaintiff is correct in asserting that the reasons for discounting Dr. Coss' opinion overlap, there is no requirement that the ALJ only consider evidence a single time when assigning weight to multiple opinions. Additionally, Plaintiff avers that her reduction in visits to Dr. Coss was due to his specialty as a surgeon and an her unchanged condition; however, it was not unreasonable for the ALJ to conclude that less frequent trips to her orthopedic surgeon suggested that her ankle condition was "under relative control." *See* Tr. at 1430-31. This is especially true when the ALJ cited evidence that was inconsistent with the opinions offered by Dr. Coss. Further, even if the ALJ was wrong when concluding that fewer visits with Dr. Coss showed control of Plaintiff's ankle problems, the ALJ cited multiple pieces of evidence when concluding that Plaintiff was less limited than as opined by Dr. Coss. Accordingly, the ALJ cited "good reasons" for discounting the opinions issued by Dr. Coss and did not violate the treating physician rule.

**B.     Other Opinion Evidence**

Next, Plaintiff asserts that the ALJ erred when more weight was assigned to the opinions of non-examining physicians than to the opinions offered by Dr. Coss. ECF Dkt. #16 at 25. Plaintiff cites *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 409 (6th Cir. 2000), for the proposition that the ALJ erred by assigning greater weight to the opinions of non-examining

-9-

physicians than the opinions of Dr. Coss since there was no showing that the non-examining physicians had the benefit of reviewing Dr. Coss' opinions. *Id.* at 25.

In *Blakley*, the Sixth Circuit reversed and remanded the case because the ALJ failed to provide "good reasons" for discounting the opinions from the claimant's treating sources and therefore violated the applicable rules and regulations. 581 F.3d at 409-10. In this case, the ALJ provided "good reasons" for assigning less than controlling weight to Dr. Coss' opinions, as discussed above. Accordingly, the applicable rules and regulations were not violated. Further, it is clear from the ALJ's discussion of the evidence in the decision that it was known that medical evidence existed that post-dated the opinion evidence and that the ALJ considered the opinion evidence with that evidence in mind. This case is not one where, as in *Blakley,* there was no indication that the ALJ considered the ongoing medical evidence and then issued an opinion that was not based on a review of the complete case record. *See* 581 F.3d at 409. For these reasons, the Court finds that the ALJ properly weighed the opinion evidence and the ALJ's decision is based on substantial evidence.

## **VI.     CONCLUSION**

For the foregoing reasons, the Court AFFIRMS the decision of the ALJ and dismisses the instant case in its entirety with prejudice.

Date: March 8, 2019          */s/George J. Limbert*
                             GEORGE J. LIMBERT
                             UNITED STATES MAGISTRATE JUDGE